**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04112-AJR Date: October 5, 2026


Title: Ana Lucia Mus, et al. v. Markwayne Mullin, et al.

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Nicholas Huynh | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER(S): | ATTORNEYS PRESENT FOR RESPONDENT(S): |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS):**

## I. BACKGROUND

On July 22, 2026, Petitioners Ana Lucia Mus (A# 249-065-102), and her two children Y.S.C.M (A# 249-065-103) and L.J.C.M. (A# 249-064-104) (collectively, "Petitioners"), filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging their detention in immigration custody. (Dkt. 1 at 2-7.) On July 29, 2026, Respondents Markwayne Mullin, Rodney S. Scott, Jaime Rios, and Eddy Wang (collectively, "Respondents") filed an Answer to the Petition (the "Answer"). (Dkt. 6.) The Answer is supported by the Declaration of Deportation Officer Gabriel Zamora, which states that Petitioners were arrested by immigration authorities at the Van Nuys Filed Office on July 21, 2026 and then transferred to a detention facility in Harlingen, Texas. (Dkt. 6 at 4.) The declaration further states that Petitioner Mus was never detained at the Adelanto ICE Detention Facility and only briefly passed through the Central District of California on her way to Harlingen, Texas. (Id.) Thus, Respondents

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04112-AJR Date: October 5, 2026


Title: Ana Lucia Mus, et al. v. Markwayne Mullin, et al.

contend that Petitioners were not located in the Central District of California when the Petition was filed on July 22, 2026. (Id. at 2.) Petitioners had until August 2, 2026 to file a reply to the Answer, but did not do so. (Dkt. 4.) Therefore, as of today, the evidence submitted by Respondents that Petitioners were not located in the Central District of California at the time the Petition was filed stands uncontradicted. **For the reasons set forth below, the Court Orders Petitioners to show cause why this action should not be dismissed for lack of jurisdiction.**

## II. DISCUSSION

"The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). According to the undisputed evidence submitted by Respondents, Petitioners were not located in the Central District of California when the Petition was filed on July 22, 2026. (Dkt. 6 at 4.) Accordingly, this Court appears to lack jurisdiction over the Petition. See, e.g., Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024) ("Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees. The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement.").

Under 28 U.S.C. § 1404(a), a district court has the power to transfer any civil action to another district where the action might have been brought "[f]or the convenience of parties and witnesses [or] in the interest of justice." In determining whether transfer is appropriate in a particular case, a court must weigh multiple factors: (1) the petitioner's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the petitioner's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from

filing to trial. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (citing Steward Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Specifically, a district court lacking jurisdiction over a habeas petition may transfer the action to another district that would have jurisdiction. See 28 U.S.C. § 1404(a); 28 U.S.C. §§ 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."); see also 28 U.S.C. § 1631 (authorizing courts to transfer venue to cure lack of jurisdiction). Indeed, the Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc., 793 F.3d 991, 996 (9th Cir. 2015) (internal quotation marks and brackets omitted).

Thus, the Court must consider whether there is another district with jurisdiction where this action could be transferred, such as the Southern District of Texas, where Harlingen, Texas is located. See 28 U.S.C. § 124(b)(4). However, it is unclear based on the record whether Petitioners are still located in Harlingen, Texas, or still in the custody of immigration authorities at all. Indeed, the Court attempted to locate Petitioners using their A-numbers on the ICE Online Detainee Locator System, but was unable to locate Petitioners. If there is a judicial district with jurisdiction over Petitioners, the Court will transfer the action to that district. If there is no such judicial district, then the Court will dismiss the action for lack of jurisdiction.

## III. CONCLUSION

Based upon the foregoing, Petitioners are **ORDERED TO SHOW CAUSE** in writing, no later than **October 12, 2026,** why this action should not be dismissed for lack of jurisdiction. If Petitioners are located in another judicial district, they can file a response requesting transfer of the action to that district. If Petitioners are no longer in immigration custody, then the Court will dismiss the action for lack of jurisdiction. If Petitioners would like to voluntarily dismiss the action instead of filing a response, they can file a Notice of Dismissal in accordance with Federal Rule of Civil Procedure

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04112-AJR Date: October 5, 2026



Title: Ana Lucia Mus, et al. v. Markwayne Mullin, et al.

41(a)(1). **A form Notice of Dismissal is attached for Petitioners' convenience.** If Petitioners do not timely file a response to this Order, the Court will dismiss the action for lack of jurisdiction.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).